Filed: 8/13/2021 3:45 PM
Lynne Finley
District Clerk
Collin County, Texas
By Mark Meyer Deputy
Envelope ID: 57198185

CAUSE NO. 429-05176-2021 _____

| | | |
|---|---|---|
| ROBERT ROWLAND, | § | IN THE DISTRICT COURT |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | _____ JUDICIAL DISTRICT |
| | § | |
| STATE FARM LLOYDS, INC. | § | |
| | § | |
| *Defendant.* | § | COLLIN COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION

COMES NOW Plaintiff, Robert Rowland ("***Rowland***" or "***Plaintiff***"), and files this Original Petition and Requests for Disclosures complaining of Defendant State Farm Lloyds, Inc. ("***State Farm***" or "***Defendant***") asserting causes of action for money damages under the Texas Deceptive Trade Practices – Consumer Protection Act, Tex. Bus. & Com. Code §§17.41 et seq., due to a violation of Chapter 541 ad 542 of the Texas Insurance Code, and respectfully states the following.

### I. DISCOVERY CONTROL PLAN AND STATEMENT OF RELIEF

1. Pursuant to Tex. R. Civ. P. 190.3 Plaintiff alleges that discovery should be conducted under Level 2.

2. Plaintiff seeks monetary relief over $250,000.00 but not more than $1,000,000.00.

### II. PARTIES AND SERVICE OF CITATION

3. Plaintiff is an individual residing in the county of Tarrant County, Texas.

4. Defendant State Farm is a domestic for-profit corporation that is organized and exists pursuant to the laws of the State of Texas, with its principal place of business located in Bloomington, Illinois. Service of process may be accomplished on by and through its registered agent for service, Corporation Service Company d/b/a CSC-Lawyers Incorporating Service

Company at 211 E. 7th Street, Suite 620 Austin, Texas 78701, or at any other place that the registered agent may be found.

### III. JURISDICTION AND VENUE

5. This Court has jurisdiction over Defendant because they are either a resident of the State of Texas, or an entity organized and existing pursuant to the laws of the State of Texas or has conducted business in this state.

6. The Court has jurisdiction over the subject matter of this dispute pursuant to Article V of the Texas Constitution because the amount in controversy exceeds $500.

7. This Court is an appropriate venue for this case because a substantial part pf the events or omissions giving rise to the claim occurred in this county and the claims affect real property located in this county.

### IV. FACTUAL ALLEGATIONS

8. Rowland secured insurance with State Farm under Policy Number 58LT58114 ("***Policy***") for his residence located at 400 Bryn Meadows Road, Southlake, Texas 76092 ("***Residence***"). Under the Policy, Rowland's Residence (including, but not limited, to the roof, fence, vents, metal valleys, skylights, and metal formers on each side of the front door, etc.) was covered for accidental direct physical loss happening by chance, unexpectedly, and/or unintended by Rowland's standpoint. *See Section 1 – Property Coverage; Section 1 – Losses Insured of the Policy* attached hereto and incorporated by reference herein as Exhibit A.

9. According to the plain and unambiguous language of the policy, State Farm contractually agreed to cover damages caused by hail as an unexpected natural event not occurring from Rowland's intention or control.

10. Between March 2019 and January of 2020, there were at least five (5) distinct hail events around Rowland's Residence: (1) March 9, 2019 (.5"); (2) March 24, 2019 (.5"); (3) June 16, 2019 (.5"); (4) October 20, 2019 (acknowledged by State Farm's representative Veronica Enriquez ("***Enriquez***") to be a "1.5" hail" event); and (5) January of 2020 (hail event also acknowledged by Enriquez). As a result of one or more of these covered events, Rowland's Residence sustained hail damage to the roof (which includes vents, metal valleys, and skylights, etc.) gutters, and fence. Rowland has obtained a repair estimate from CLC Roofing, Inc. itemizing the necessary repairs and costs, dated April 28, 2020, in the amount of $79,826.48 already produced by Rowland, but attached hereto and incorporated by reference herein as <u>Exhibit B</u>.

11. On March 4, 2020, Rowland timely demanded submitted his claim to State Farm for the above-described hail damage to his Residence. Please see State Farm's acknowledgement of loss report attached hereto and incorporated by reference herein as <u>Exhibit C</u>.

12. On April 10, 2020, Parker Marlett, claims specialist for State Farm, sent correspondence to Rowland merely providing: "our inspection did not reveal any accidental direct physical loss to your home." Such correspondence not only misrepresented the extent of clear hail damage sustained to Rowland's Residence but went so far to indicate that there was not any hail damage at all (and therefore refused to pay Rowland's claim) when a reasonable investigation would have easily discovered otherwise. Moreover, the April 10, 2020, correspondence utterly fails to provide a reasonable explanation (or any at all) of the alleged inspection, what was specifically inspected, the factual basis for State Farm's absurd initial position that there was no damage to support its denial.

13. State Farm revised its position on September 24, 2020, to agree that there was in fact damaged caused by hail to Rowland's Residence, but limited the extent of covered hail damage to the areas itemized in State Farm's estimate (the garage and interior) and otherwise providing that there was no accidental direct physical loss (ADPL) noted to the front, right, rear, or left slopes of the roof, front elevation, right elevation, rear elevation, left elevation, ***"as it relates to this DOL"***.

14. State Farm's September 24, 2020, correspondence glaringly failed to acknowledge that it was State Farm itself that determined the date of loss and not Rowland. State Farm's correspondence neglects to provide *any* basis for its position that the hail damage to Rowland's Residence did not relate to the date of loss that State Farm determined or for that matter any of the four other known hail events in 2019 and January of 2020 around Rowland's Residence. To that end, State Farm admitted that there was hail damage, determined when the incident occurred, but then refused to explain its naked assertion that Rowland's damage was unrelated to justify State Farm's denial of Rowland's claim. Contrarily, the frequency of hail events between March 2019 and January 2020 makes it more than reasonably clear State Farm is liable for the hail damage sustained during this period. State Farm's correspondence provides that "we observed additional damage not caused by hail" but utterly fails to describe what damage was observed or the factual basis for why State Farm does not consider such damaged to be caused by hail. Furthermore, State Farm's correspondence completely neglects to mention the obvious dents and hail impacts in the metal valleys, vents, skylights, downspouts, and gutters of Rowland's residence.

15. Since State Farm's correspondence on September 24, 2020, Jason Fulgham, a public adjuster, working on this claim, has repeatedly contacted State Farm from January 15, 2021, until

April 7, 2021, inquiring as to the unfounded and unreasonable denial while providing photographic evidence of hail damage to Rowland's Residence. To this date, State Farm has still yet to conduct a reasonable investigation and has not provided a reasonable explanation for its refusal to cover the hail damage under Rowland's policy. Despite the clear evidence of hail damage that is covered under Rowland's Policy, State Farm has refused to affect a reasonable settlement of the claim.

16. Despite Plaintiff's best efforts to mitigate any further injury, the hail damage and leaks are now causing additional damage to the Rowland Residence.

## V. ACTION FOR VIOLATION OF CHAPTER 541 AND 542

17. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

18. As noted above, State Farm is engaged in the insurance business as that term is used in Section 541.002(2) of the Texas Insurance Code. Specifically State Farm is engaged in the insurance business of brokering policies, acting as an agent, and issuing home insurance policies. State Farm is therefore considered a "person" for purposes of liability under Section 541.002(2) and Section 542.002 of the Texas Insurance Code (respectively, "*Chapter 541*" and "*Chapter 542*").

19. Defendant violated Chapter 541 and 542 by engaging in the following acts and practices which constitute unfair methods of competition and/or unfair or deceptive acts or practices in the business of insurance:

   a. State Farm has failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim for which State Farm's liability has become reasonably clear. *See Tex. Ins. Code §541.060a(2)(a); See Tex. Ins. Code §542.003(b)(4)*;

   b. State Farm has failed to provide promptly to Rowland a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for State Farm's denial of

a claim or for the offer of a compromise settlement of a claim. *See Tex. Ins. Code §541.060a(3). See Tex. Ins. Code §542.003(2)*;

c. State Farm has refused to pay a claim without conducting a reasonable investigation with respect to the claim. *See Tex. Ins. Code §541.060a(7). See Tex. Ins. Code §542.003(3)*.

20. State Farm engaged in the foregoing conduct with an actual awareness of the falsity, unfairness and deceptiveness of its acts and omissions. Accordingly, Defendant is deemed to have violated Chapter 541 and Chapter 542 "knowingly," as that term is used in Section 541.002(1) and Section 541.152(b). As Veronica Enriquez with State Farm has stated that there was "1.5 hail" event on October 20, 2019, the date of loss selected by State Farm, and January of 2020, in the location of Rowland's Residence, State Farm's unfair settlement practices were conducted knowingly and/or intentionally under the Texas Insurance Code.

## VI. DAMAGES

19. Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

20. Defendant's conduct caused Rowland actual damages in the amount of $79,826.48 to date. These damages include, but are not necessarily limited to replacement and/or repair costs

21. As State Farm's actions and/or omissions have been conducted knowingly, Rowland is entitled to recover from State Farm additional damages in an amount of up to three (3) times his actual damages.[1]

22. Plaintiff is also entitled to recover her reasonable and necessary attorney's fees pursuant to Section 541.152 of the Texas Insurance Code.

23. Plaintiff is also entitled to recover pre- and post-judgment interest, at the statutory rate or at such other rate as is set by this Court. Tex. Fin. Code Ann. §§ 304.101 et seq.; *Johnson &*

---

[1] *See* 541.002(1) and 541.152(b) of the Texas Insurance Code; *See* Section 541.152 of the Texas Insurance Code.

PLAINTIFF'S ORIGINAL PETITION  Page | 6

*Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex.1998).

## VII. PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff Robert Rowland respectfully requests that Defendant State Farm be cited to appear, and that Plaintiff have judgment against Defendant for:

1. Economic damages in the minimum amount of $79,826.48;

2. Exemplary damages in an amount of three times the amount of Plaintiff's economic damages;

3. Reasonable attorney's fees;

4. Pre-judgment interest;

5. Post-judgment interest;

6. All costs of court;

7. Such other and further relief to which Plaintiff may be justly entitled either at law or in equity.

Respectfully submitted,

**LIBBY SPARKS WILLIS STARNES PLLC**
5950 Berkshire Lane, Suite 200
Dallas, TX 75225
T: (214) 390-2300
F: (214) 390-9965

*/s/ Ryan A. Starnes*

**Ryan A. Starnes**
State Bar No. 24070669
rstarnes@libbysparks.com
**Jonathan Brad Bryan**
State Bar No. 24073254
bbryan@libbysparks.com

***ATTORNEYS FOR PLAINTIFF***

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Elena Morgan on behalf of Ryan Starnes
Bar No. 24070669
emorgan@libbysparks.com
Envelope ID: 57198185
Status as of 9/14/2021 2:03 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
| --- | --- | --- | --- | --- |
| Jonathan BradBryan | | bbryan@libbysparks.com | 9/13/2021 3:48:03 PM | SENT |
| Elena Morgan | | emorgan@libbysparks.com | 9/13/2021 3:48:03 PM | SENT |
| Adrianne Guarino | | aguarino@libbysparks.com | 9/13/2021 3:48:03 PM | SENT |
| J. Bailey | | jbailey@libbysparks.com | 9/13/2021 3:48:03 PM | SENT |
| Ryan AStarnes | | rstarnes@libbysparks.com | 9/13/2021 3:48:03 PM | SENT |